MAY 3 2023 PM3:41
FILED - USDC - BPT - CT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE INTERIOR CHEEKS OF THE MOUTH OF TIMOTHY STATON | Case No. 3:23MJ (SDV) 417<br>Date: |

## AFFIDAVIT

I, Special Agent Samuel Fuller, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). As such, I am a law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code, that is, an officer empowered by law to conduct investigations of, and make arrests for, offenses enumerated in Section 2516 of Title 18.

2. I have been a Special Agent with the ATF since July 2020. I attended the Criminal Investigator Training Program and the ATF's Special Agent Basic Training, both located in Glynco, Georgia, for a combined period of approximately seven (7) months. Prior to that, I was a New Hampshire State Trooper for approximately seven (7) years. I have received extensive training, both formal and on-the-job, in the provisions of the federal firearms laws administered under Titles 18 and 26 of the United States Code. I have received specialized training in firearms identification and the investigation of firearms-related offenses.

3. I have participated in investigations involving the unlawful possession of firearms by prohibited persons, including persons who are previously convicted felons; the possession of firearms in furtherance of the distribution of narcotics; illegal trafficking in firearms; illegal straw

purchasing of firearms; and the use of firearms in the commission of violent acts such as robberies and homicides. I have participated in investigations involving individuals who unlawfully possess firearms, of individuals illegally selling firearms, and of individuals distributing illegal drugs. As such, I have participated in controlled purchases of illegal firearms and narcotics utilizing confidential sources and undercover law enforcement officers; written, obtained and coordinated the execution of search and arrest warrants pertaining to individuals involved in the illegal possession and distribution of firearms and narcotics; conducted electronic and physical surveillance of individuals involved in illegal drug distribution; analyzed records documenting the purchase and sale of firearms and illegal drugs; provided testimony, both in Grand Jury proceedings and District Court proceedings; and spoken with informants and subjects, as well as local, state and federal law enforcement officers, regarding the manner in which individuals obtain, finance, store, manufacture, transport, and distribute their illegal firearms and drugs. In addition, I have been involved in the investigation of street gangs, including gangs with a national presence as well as locally based gangs. I have received training, both formal and on-the-job, in the provisions of the federal firearms and narcotics laws administered under Titles 18, 21 and 26 of the United States Code. I have not included every detail of every aspect of my training, education, and experience, but have highlighted those areas most relevant to this application. The controlled substances investigations and firearm investigations in which I have participated have resulted in successful criminal prosecutions in federal court.

4. I am familiar with the manner and means most commonly employed by both narcotics traffickers and firearm traffickers including the manner and means by which narcotics traffickers and firearm traffickers communicate, and those methods employed by narcotics/firearm traffickers in an effort to avoid detection by law enforcement.

5. I am one of the case agents in an investigation into several incidents involving unlawful possession of a firearm under 18 U.S.C. § 922(g) (the "Subject Offense").

6. I have participated in this investigation and, as a result of my participation and information received from other law enforcement officers, including other ATF agents and task force officers ("TFOs") and Bridgeport Police Department ("BPD") officers and detectives (collectively referred to as "law enforcement"), I am thoroughly familiar with the circumstances of the investigation and the information set forth in this affidavit. The statements contained in this affidavit are based on: (1) my personal participation in the investigation; (2) information provided to me by law enforcement; and (3) my experience and training. This affidavit is intended to show merely that there is sufficient probable cause for the requested search warrants and does not set forth all of my knowledge about this matter.

7. Based on my training and experience and the facts as set forth in the applications and affidavit, there is probable cause to believe that a violation of the Subject Offense has been committed by TIMOTHY STATON. Further, there is probable cause to believe that the buccal swab DNA samples will constitute evidence of STATON's commission of the Subject Offense.

## JURISDICTION

8. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

9. **I submit this affidavit in support of a search and seizure warrant authorizing the retrieval of DNA from:**

- **TIMOTHY STATON** (with a date of birth of XX/XX/95) that is known to me).

The affiant is seeking to obtain two buccal swabs from this individual. I have probable cause to believe, and do believe, that his DNA may match the DNA profiles found on a firearm and magazine seized from the ground near where TIMOTHY STATON was located in Bridgeport, Connecticut on December 5, 2022.

10. On December 4, 2022, at 11:29 p.m., BPD officers were dispatched to 82 Bradley Street on the report of three suspicious males in a complainant's yard. The complainant reported that the three males were wearing hoodies (two wearing lighter colored ones, possibly gray or white) and one wearing a darker colored one.

11. There had been a shooting on Horace Street the prior night and when the officers walked toward 28 Horace Street, responding Officer Tien D. Ngo observed two suspects climbing over the fence behind 28 Horace Street into the back yard of 77 Goddard Ave. As the second suspect climbed over the fence, Officer Ngo shouted "Police, Stop," and the suspect looked at the officer and then jumped over the fence and ran southbound through the back yard toward Hadley Street. While canvassing the area, BPD officers located TIMOTHY STATON, wearing black/gray zip hooded sweatshirt and black/gray Nike sweatpants, lying in the back yard of 63 Goddard Avenue. The below map shows the location of the various streets with the red mark at 28 Horace Street.



12.     In the shooting on December 3, 2022, which had been captured on Ring camera footage, one of the two males shooting was wearing clothing that closely resembled the black/gray zip hooded sweatshirt and black/gray Nike sweatpants that STATON was found to be wearing on December 4, 2022.

5







13.     The shooter's shoes in the video also looked to be of a similar style as the ones that STATON was wearing when he was arrested. After the shooting—the target of which was later identified as Raheem Strickland—the shooters fled into a white Pontiac and fled west on Essex Street. In the video, the shooter wearing the clothing that closely resembled the black/gray zip hooded sweatshirt and black/gray Nike sweatpants fired approximately four rounds, one of the fired cartridge casings (FCC) recovered from the crime scene was stamped Blazer .40.

14.     On December 5, 2022, while attempting to set a perimeter to contain the suspects that fled from BPD Officer Ngo, BPD Officer Bahr found a Smith & Wesson model SD40 VE, .40 caliber, semi-automatic pistol in the yard diagonal to where BPD officers located STATON. The firearm was silver and black with an obliterated serial number. In addition to the firearm, Officer Bahr located 12 live Federal brand .40 caliber rounds of ammunition scattered on the paved walkway located at 61 Hadley Street next to the front steps that leads to the rear of the house.

15. The bottom plastic piece and the top plastic piece (that feeds rounds into the firearm) to a magazine, and the magazine spring were also located. The metal part of the magazine was located inside of the magazine well. There was one live round in the chamber (totaling 13 rounds).

16. This firearm was test fired which revealed that there were no leads developed through the National Integrated Ballistics Information Network ("NIBIN"). The Blazer .40 FCC recovered at 105 Bradley Street, Bridgeport, Connecticut, was also entered into NIBIN. The results led investigators to believe that the .40 caliber FCC recovered from the scene of the shooting may have been fired from the opposition during the incident.

17. On April 18, 2023, ATF New Haven Special Agent Brackett examined photographs of the firearm and ammunition that were provided by the Bridgeport Police Department. After examining the photographs, Special Agent Brackett opined that the Smith & Wesson model SD40 VE, caliber 40 S&W semi-automatic pistol bearing an obliterated serial number was manufactured by Smith & Wesson in Massachusetts. Additionally, Special Agent Brackett is of the opinion that the single round of ammunition stamped "FEDERAL" and "40 S&W" provided in the photographs was manufactured by Federal Premium Ammunition in Minnesota.





18.     TIMOTHY STATON is a convicted felon. He has been convicted in the Superior Court for the State of Connecticut of the following felonies, a June 29, 2010 conviction for Robbery in the 3rd Degree in violation of Connecticut General Statutes ("C.G.S.") § 53a-136 (for which he received five years of jail suspended and three years of probation) and February 14, 2014 convictions for Illegal Transfer of a Gun in violation of C.G.S. § 29-33, Sale, Attempted Sale and Conspiracy to sell Hallucinogens/Narcotics in violation of C.G.S. § 21a-277(a); and Connecticut's Corrupt Organizations and Racketeering Act ("CORA") in violation of C.G.S. §

53-395(c). On those latter convictions, STATON received a total sentence of twelve years of jail, five to serve, and five years of probation.

19. STATON previously was charged federally with two counts of being a felon in possession of a firearm on or about September 22, 2017, and September 13, 2018. *See United States v. Staton*, 19-CR-06 (MPS). He pleaded guilty to the first count and was sentenced on June 6, 2019, to 37 months. He was just released in May 2022 to federal supervised release and was on federal supervised release during the commission of the events described below.

20. On February 1, 2023, STATON was charged with unlawful possession of ammunition by a felon for an incident occurring on December 13, 2022, in *United States v. Timothy Staton*, Case No. 23CR18(OAW).

## DNA EVIDENCE

21. Following the recovery of the firearm from the ground at 61 Hadley Street, the firearm was swabbed for DNA. Mixtures of DNA profiles were located on the firearm and on the magazine. The profiles are suitable for comparison to known buccal swabs.

22. Accordingly, the affiant seeks authorization for a search warrant for DNA from STATON, as there is probable cause to believe that his DNA profile may match a DNA profile found on the recovered firearm.

23. The DNA samples of the aforementioned target sought herein will be collected by buccal swabbing. This method involves taking a sterile swab (similar to a Q-Tip) and gently scrubbing the inside right cheek, then the inside left cheek, for approximately five to ten seconds. Two samples are requested in the event that one of the samples becomes contaminated or otherwise cannot be tested. The seized samples will be submitted to the State Laboratory,

will be subject to examination, testing, and analysis, and will be compared to the DNA material obtained from and near the crime scene.

    24.    In the event the proposed subject is non-compliant, and due to the potential dangers to both the executing officers and the individual associated with executing a validly issued search warrant on a non-compliant subject, I would request that the Court authorize law enforcement agents and officers to use reasonable measures necessary to restrain that individual for the sole purpose of obtaining a DNA buccal swab. *See In Re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 157, 171 n.8 (2d Cir. 2008) ("The subject of a validly issued search warrant has no right to resist the search") (citing cases including Bumper v. North Carolina, 391 U.S. 543, 550 (1968)); *see also United States v. Bullock*, 71 F.3d 171, 176 (5th Cir. 1965) ("The use of force in taking the [hair and blood] samples was caused by Bullock's refusal to comply with a lawful warrant and was reasonable."). As articulated above, the buccal DNA swabs will be obtained by taking a buccal swab and having the individual gently scrub the inside of the cheek approximately ten times.

## CONCLUSION

Based on the foregoing, I submit that there is probable cause to believe that buccal swabs taken from TIMOTHY STATON will contain evidence showing that he was involved in the Subject Offenses.

SAMUEL FULLER
SPECIAL AGENT, ATF

Subscribed and sworn to before me on this 3rd day of May, 2023 at Bridgeport, CT.

HON. S. DAVE VATTI
UNITED STATES MAGISTRATE JUDGE